UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Timothy Kyle Prince,

        Plaintiff,        Case No. 23-10405

v.                             Judith E. Levy
                               United States District Judge

Kim Farris, *et al.*,

                               Mag. Judge Anthony P. Patti

        Defendants.

_____/

**OPINION AND ORDER DENYING DEFENDANT KIM FARRIS'S OBJECTION [73] AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND <u>RECOMMENDATION [72]</u>**

Defendant Kim Farris, P.A., filed an objection to Magistrate Judge Anthony P. Patti's Report and Recommendation ("R&R"). (ECF No. 72.) The R&R recommends that the Court (1) deny the motion for summary judgment filed by Defendants Taylor Droste, Christopher Sheffield, Edward Simmet, Ivan Hernandez, Trent Brown, Dewayne Perry, and Brandon Frangedakis (ECF No. 19), (2) deny the motion for summary judgment filed by Lawrence McKinney (ECF No. 52), and (3) deny the motion for summary judgment filed by Kim Farris. (ECF No. 64.) Judge

Patti issued the R&R on February 14, 2024. (ECF No. 72.) Farris timely filed an objection to the R&R. (ECF No. 73.) The other Defendants did not file any objections.

For the reasons set forth below, Farris' objection is denied. The Court adopts the R&R (ECF No. 72), and denies Defendants' motions for summary judgment. (ECF Nos. 19, 52, 64.)

## I. Background

The factual and procedural background set forth in the R&R is fully adopted as though set forth in this Opinion and Order.

## II. Legal Standard

A party may object to a magistrate judge's report and recommendation on dispositive motions, and a district judge must resolve proper objections under a de novo standard of review. 28 U.S.C. § 636(b)(1)(B)–(C); Fed. R. Civ. P. 72(b)(1)–(3). "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'" *Pearce v. Chrysler Group LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018). Objections that restate arguments already

2

presented to the magistrate judge are improper, *Coleman-Bey v. Bouchard*, 287 F. App'x 420, 422 (6th Cir. 2008) (citing *Brumley v. Wingard*, 269 F.3d 629, 647 (6th Cir. 2001)), as are those that are vague and dispute the general correctness of the report and recommendation. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Moreover, objections must be clear so that the district court can "discern those issues that are dispositive and contentious." *Id.* (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (explaining that objections must go to "factual and legal" issues "at the heart of the parties' dispute"). In sum, the objections must be clear and specific enough to permit the Court to squarely address them on the merits. *See Pearce*, 893 F.3d at 346.

### III. Analysis

#### A. The Non-Objecting Defendants' Motions for Summary Judgment

Defendants Droste, Sheffield, Simmet, Hernandez, Brown, Perry, Frangedakis, and McKinney did not file any objections to the R&R. The Court has nevertheless carefully reviewed the R&R's recommendation to deny their motions to dismiss. (ECF Nos. 19, 54.) The Court concurs in

the reasoning and result in the R&R. (ECF No. 72, PageID.410–418.) Accordingly, this portion of the R&R is adopted, and these Defendants' motions for summary judgment (ECF Nos. 19, 54) are denied.

### B. Farris' Motion for Summary Judgment

The R&R recommends that Farris' motion for summary judgment be denied. (ECF No. 72, PageID.418–423.) Farris' motion for summary judgment was based solely on Plaintiff's alleged failure to exhaust his administrative remedies. (ECF No. 64, PageID.331.) She claims that "[i]t is evident from the grievance records that Plaintiff failed to file any grievances against Defendant to Step III as required to properly exhaust his administrative remedies." (*Id.* at PageID.342.)

The R&R, however, found that summary judgment should not be granted on this basis. It determined that there were several disputes of material fact, including: "the dates the four new grievance forms were completed," why the four new grievance forms and Plaintiff's two letters are missing indicia of receipt, and whether Plaintiff requested a Step II appeal form for the relevant grievances. (ECF No. 72, PageID.421–422.)

Farris argues that the R&R mistakenly used the motion to dismiss standard in its analysis, instead of the correct summary judgment

4

standard. (ECF No. 73, PageID.428.) Further, Farris states that the R&R erred in its consideration of the verified complaint as evidence, because "verified arguments and legal conclusions are not evidence." (*Id.*)

The Court is not convinced by Farris' objection. First, Plaintiff's verified complaint carries the same weight as an affidavit. Plaintiff's complaint states, "I, Timothy Prince, declare under the penalty of perjury that the forgoing information contained in this complaint is true to the best of my information, knowledge, and belief." (ECF No. 1, PageID.29.) The Court finds that this is properly verified under 28 U.S.C. § 1746 as it is declared to be true under penalty of perjury. *See Colston v. Bos. Mkt. Corp.*, No. 2:17-CV-11649, 2018 WL 1404417, at *6 (E.D. Mich. Feb. 14, 2018), *report and recommendation adopted*, No. 17-11649, 2018 WL 1397862 (E.D. Mich. Mar. 19, 2018) (describing requirements for affidavits and declarations).

Verified complaints carry "the same weight" as affidavits for the purposes of summary judgment. *El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008).[1] Plaintiff's verified amended complaint states,

---

[1] Affidavits (or verified complaints) submitted for summary judgment purposes must comply with Federal Rule of Civil Procedure 56(c)(4), which states, "[a]n affidavit or declaration used to support or oppose a motion must be made on personal

5

> I sent letters to MRF's Grievance Coordinator requesting Step II appeal forms for grievances listed as Attachments C-G. I also sent a copy of each Step I grievance to the MDOC Director's Office along with a letter explaining that said grievances were not processed by the grievance coordinator who also refused to send me the requested Step II appeal forms. I also wrote MRF Warden seeking his help to get said grievances processed.

(ECF No. 1, PageID.25; *see also* ECF No. 72, PageID.409.)

While Farris is correct that legal conclusions in verified complaints are not evidence (ECF No. 73, PageID.428 (citing *Medison Am. Inc. v. Preferred Med. Sys., LLC*, 357 F. App'x 656, 662 (6th Cir. 2009))), the relevant portion of Plaintiff's verified complaint is not a legal conclusion. Plaintiff's description of his efforts to complete the grievance process is a statement of fact. (*See* ECF No. 1, PageID.25.)

---

knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Although Plaintiff's verified complaint does not outright establish his personal knowledge, "personal knowledge may be inferred from the content of the statements or the context of the affidavit," especially when "a close relationship exists between the affiant and the subject." *Giles v. Univ. of Toledo*, 241 F.R.D. 466, 470 (N.D. Ohio 2007). The Court assumes that Plaintiff would have personal knowledge of his actions and experiences, such as whether he submitted a request for a Step II appeal form or the date he submitted a grievance. Further, Defendants have not objected to the affidavit on this basis. *See* 10B Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 2738 (4th ed. 2023) ("[A] party must move to strike an affidavit that violates Rule 56(c)(4). The failure to do so will result in the waiver of the objection and, in the absence of a 'gross miscarriage of justice,' the court may consider the defective affidavit.").

Further, the R&R's statement that "the Court must assume [the verified complaint] to be true at this stage of the proceeding" does not demonstrate that the R&R analyzed the pleadings under a motion to dismiss standard. (ECF No. 72, PageID.422.) The R&R correctly stated that the Court must view the facts established by the verified complaint in the light most favorable to Plaintiff, who opposed the motion for summary judgment. A party opposing summary judgment must make an affirmative showing that there is sufficient evidence "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When determining a summary judgment motion, the Court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004) (citing *Skousen v. Brighton High Sch.*, 305 F.3d 520, 526 (6th Cir. 2002)). Both parties presented evidence; thus, the Court must view the evidence and inferences in the light most favorable to Plaintiff as the nonmoving party.

As a result, Farris' objection must be denied.

7

## IV. Conclusion

For the reasons set forth above, the Court DENIES Defendants' motions for summary judgment. (ECF Nos. 19, 52, 64.) The R&R (ECF No. 72) is ADOPTED.

IT IS SO ORDERED.

Dated: March 14, 2024          s/Judith E. Levy
Ann Arbor, Michigan         JUDITH E. LEVY
                                      United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 14, 2024.

                                        s/William Barkholz
                                        WILLIAM BARKHOLZ
                                        Case Manager