UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY PRINCE,

        Plaintiff,

v.

KIM FARRIS, TAYLOR
DROSTE, CHRISTOPHER
SHEFFIELD, EDWARD
SIMMET, IVAN HERNANDEZ,
TRENT BROWN, DEWAYNE
PERRY, BRANDON
FRANGEDAKIS, LAWRENCE
MCKINNEY, CAMERON TATE,
BRADLEY MICHALOWICZ,
and JOHN DOES 1-2,

        Defendants.
_____/

Case No. 5:23-cv-10405
District Judge Judith E. Levy
Magistrate Judge Anthony P. Patti

**ORDER:  (1) GRANTING DEFENDANT FARRIS'S MOTION (ECF No. 85) FOR RECONSIDERATION OF THE COURT'S MAY 17, 2024 ORDER (ECF No. 81); and, (2) SETTING DEADLINE FOR PLAINTIFF'S RESPONSE TO DEFENDANT FARRIS'S MOTION TO COMPEL (ECF No. 86)**

    Defendant Farris has filed a motion (ECF No. 85) for reconsideration of the Court's order (ECF No. 81) granting Plaintiff's motion to restrict dates of subpoena (ECF No. 77) as unopposed.  It seems that Defendant, in March 2024, served Plaintiff with two items:  (1) a subpoena for his complete institutional record, from January 2022 to present (ECF No. 85-1); and, (2) a request for

production of documents to Plaintiff, which asks Plaintiff to execute an authorization for the release of his MDOC medical records, from January 2022 to present (ECF No. 85-2).

Plaintiff's April 9, 2024 motion attached only the MDOC authorization form (*see* ECF No. 77, PageID.448); however, the title of Plaintiff's motion sought to restrict dates on *subpoena* (*see* ECF No. 77, PageID.444). Reflecting on the Court's resulting order, Defendant Farris now recounts that the MDOC authorization form was a "confusing exhibit." (ECF No. 85, PageID.473 ¶ 5; *id.*, PageID.484.) Nonetheless, the Court's order granted Plaintiff's motion as unopposed and further stated: "Defendants are to be given Plaintiff's 'records starting from the day of Plaintiff's surgery up until now" (ECF No. 77, PageID.444), *i.e.*, July 16, 2022 to present.'" (See ECF No. 81, PageID.461.)

Upon consideration, Defendant Farris's motion for reconsideration (ECF No. 85) is **GRANTED**; the Court's May 17, 2024 order (ECF No. 81) is limited to "Defendant Farris' March 22, 2024, subpoena to the MDOC," (ECF No. 85, PageID.476, 486; *see also* ECF No. 85-1.) Moreover, no later than **June 24, 2024**, Plaintiff **SHALL** file any response to Defendant Farris's motion to compel (ECF No. 86), which concerns Defendant Farris's March 22, 2024 request for production of documents, *i.e.*, the MDOC "Patient's Authorization for Disclosure of Health Information" (*see* ECF Nos. 85-2, 86-1). Plaintiff should bear in mind that when a

2

party alleges physical, emotional or psychological injuries, the opposing party is generally entitled to discovery of the injured person's healthcare records for a reasonable window of time both before and after the injury occurred (and to present, if ongoing injuries are alleged), in order to determine whether there were any pre-existing conditions or injuries that may be attributable to another source and to determine if the injuries have worsened, improved or completely healed. Moreover, discovery of this type of information is often appropriately sought from multiple healthcare providers.

    **IT IS SO ORDERED.**[1]

Dated: June 5, 2024

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[1] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).