UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Timothy Kyle Prince,

        Plaintiff,        Case No. 23-10405

v.        Judith E. Levy
        United States District Judge

Kim Farris, *et al.*,

        Mag. Judge Anthony P. Patti

        Defendants.

_____/

**OPINION AND ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION [93]**

Before the Court is *pro se* Plaintiff Timothy Prince's motion for temporary restraining order and preliminary injunction. (ECF No. 93.) Plaintiff is currently incarcerated at the Earnest C. Brooks Correctional Facility in Muskegon Heights, Michigan. (ECF No. 72, PageID.399.) He brings suit under 42 U.S.C. § 1983, alleging that Kim Farris, a Wellpath P.A., two John Doe Wellpath employees, and ten Michigan Department of Corrections ("MDOC") employees were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment when he

was incarcerated at the Macomb Correctional Facility. (ECF No. 1, PageID.2–8; ECF No. 72, PageID.399.) The ten MDOC Defendants are Edward Simmet, Dewayne Perry, Christopher Sheffield, Brandon Frangedakis, Trent Brown, Ivan Hernandez, Taylor Droste, Lawrence McKinney, Cameron Tate, and Bradley Michalowicz. (*See* ECF No. 72.)

In his complaint, Plaintiff alleges that he underwent a hip replacement on July 16, 2022. (ECF No. 1, PageID.12.) Despite his inability to walk after his surgery, he claims that, immediately after his surgery, MDOC and Wellpath employees at the Macomb Correctional Facility were deliberately indifferent to his medical needs. (*Id.* at PageID.12–18; ECF No. 72, PageID.400–404.) Defendants allegedly deprived him of a wheelchair, placed him in a non-ADA compliant cell, ignored him for over an hour after he fell and tore open his surgical wound, and delayed care when the wound became infected. (*Id.* at PageID.12–18; ECF No. 72, PageID.400–404.) On August 4, 2022, he received a medical detail prescribing a rollator, and, on October 6, 2022, he received a medical detail for a walker. (ECF No. 1, PageID.44; ECF No. 72, PageID.405.)

2

Plaintiff's motion for temporary restraining order and preliminary injunction is dated July 3, 2024, and was docketed by the Clerk's office on July 9, 2024. (ECF No. 93, PageID.614.) He alleges that he fell on June 8, 2024, and that Vital Care and MDOC employees at the Earnest C. Brooks Correctional Facility are denying him prescription medical shoes, a walker, and medical care. (*Id.* at PageID.604–605.) The employees he claims are responsible are "N.P. Bray," "NP./PA Hover," "A.D.W. Martin," and "Warden King." (ECF No. 93, PageID.605; *see also id.* at PageID.615 ("VITAL CARE PROVIDER Nurse Practitioner Bray Nurse Practi[ti]oner Hoover A.D.W. MARTIAN AND WARDEN KING").) Plaintiff states that his most recent fall resulted in a torn ligament, that he suffers from nerve damage, and that he is at risk of permanently damaging his lower body without proper treatment and his necessary medication, prescription shoes, and walker. (*Id.* at PageID.604–605.)

Plaintiff's motion requests both a temporary restraining order and a preliminary injunction. (*Id.* at PageID.608.) Courts use the same four factors when evaluating a motion for a temporary restraining order or a preliminary injunction:

> (1) whether the movant has a strong likelihood of success on the merits, (2) whether the movant would suffer irreparable injury

3

absent a stay, (3) whether granting the stay would cause substantial harm to others, and (4) whether the public interest would be served by granting the stay.

*Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008) (quoting *Ne. Ohio Coal. for Homeless & Serv. Emps. Int'l Union, Loc. 1199 v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006)). In addition, the party moving for a temporary restraining order or a preliminary injunction "must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010) (quoting *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)). This relationship is necessary because the purpose of such temporary relief is "to protect the movant, during the pendency of the action, from being harmed . . . in the manner in which the movant contends [he] was or will be harmed through the illegality alleged in the complaint." *Id.* (quoting *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997)).

Plaintiff has not established a relationship between the injury described in his motion and the conduct alleged in his complaint. While both the motion and the complaint state that he has experienced harm relating to his hip surgery and subsequent injuries, the motion for

4

temporary restraining order and preliminary injunction describes events that are separate from those in his complaint. The complaint alleges that Plaintiff was harmed in 2022 while incarcerated at the Macomb Correctional Facility, while the motion recounts events that took place in 2024 at the Earnest C. Brooks Correctional Facility. (*See* ECF Nos. 1, 93.) Further, Plaintiff alleges that "N.P. Bray," "NP./PA Hover," "A.D.W. Martin," and "Warden King" are responsible for the injuries described in the motion, but none are Defendants in this case. (ECF No. 93, PageID.605.)

As such, Plaintiff's motion for temporary restraining order and preliminary injunction must be denied. *See Montgomery v. Hall*, No. 3:19-CV-01113, 2022 WL 2931874, at *3 (M.D. Tenn. July 22, 2022) (recommending that "emergency motion for injunctive relief" be denied because "the Complaint and the Motion ultimately concern two distinct sets of events that two different groups of people allegedly committed several years apart"); *Hendricks v. Hazzard*, No. 2:11-CV-399, 2013 WL 2635729, at *3 (S.D. Ohio June 12, 2013), *report and recommendation adopted*, No. 2:11-CV-399, 2013 WL 5944082 (S.D. Ohio Nov. 5, 2013) (recommending denial for a motion for temporary restraining order

5

because it describes events "which occurred well after the filing of the complaint" and "address[es] other issues unrelated to [the] original complaint").

For the reasons set forth, Plaintiff's motion for temporary restraining order and preliminary injunction is DENIED WITHOUT PREJUDICE. If Plaintiff wishes to further pursue his motion for a temporary restraining order and preliminary injunction with regard to his allegations involving recent events at the Earnest C. Brooks Correctional Facility, he is directed to file his motion and a complaint at the U.S. District Court for the Western District of Michigan.[1]

---

[1] Based on Plaintiff's allegations in his motion, the U.S. District Court for the Eastern District of Michigan would not be the correct venue for a case involving events that took place at the Earnest C. Brooks Correctional Facility. Generally, the proper venue for civil actions is the judicial district where: (1) "any defendant resides, if all defendants are residents of the State in which the district is located;" (2) "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated;" or (3) "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action" if there is no other district where the action may be brought. 28 U.S.C. § 1391(b).

Here, the Earnest C. Brooks Correctional Facility is located in Muskegon Heights, Michigan, which is located in the Western District of Michigan. As such, it appears that the events alleged in his motion for temporary restraining order and preliminary injunction occurred in the Western District of Michigan; further, it is not clear that any of the four persons mentioned in the motion reside in the Eastern District of Michigan.

IT IS SO ORDERED.

Dated: July 18, 2024            <u>s/Judith E. Levy</u>
Ann Arbor, Michigan        JUDITH E. LEVY
                                             United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 18, 2024.

                                             <u>s/William Barkholz</u>
                                             WILLIAM BARKHOLZ
                                             Case Manager