UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY PRINCE (#189005),

        Plaintiff,

v.

FARRIS, *et al.*,

        Defendants.

_____/

Case No. 5:23-cv-10405
District Judge Judith E. Levy
Magistrate Judge Anthony P. Patti

## ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL (ECF Nos. 76, 90)

**A.    Instant Motion**

At the time Plaintiff initiated this lawsuit in February 2023, the Court permitted Plaintiff to proceed *in forma pauperis*. (ECF Nos. 1, 3, 5.) Currently, before the Court is Plaintiff's April 3, 2024 and June 21, 2024, motion for appointment of counsel (ECF Nos. 76, 90.) Plaintiff's motion is based on 28 U.S.C. § 1915(e), *i.e.*, a statutory provision governing *in forma pauperis* proceedings.

**B.    Recruitment of Counsel**

As a preliminary matter, the Court does not have the authority to appoint a private attorney for Plaintiff in this civil matter. Proceedings *in forma pauperis* are governed by 28 U.S.C. § 1915, which provides that "[t]he court *may* request an

attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). However, even if the circumstances of Plaintiff's case convinced the Court to engage in such a search, "[t]here is no right to recruitment of counsel in federal civil litigation, but a district court has discretion to recruit counsel under 28 U.S.C. § 1915(e)(1)." *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 657 (7th Cir. 2014) (emphasis added); *see also Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014) ("Congress hasn't provided lawyers for indigent prisoners; instead it gave district courts discretion to ask lawyers to volunteer their services in some cases."). The appointment of counsel in a civil case, therefore, "is a privilege and not a right." *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (internal quotation and citation omitted).

The Supreme Court has held that there is a presumption that "an indigent litigant has a right to appointed counsel only when, if he loses, he may be deprived of his physical liberty." *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 26-27 (1981). With respect to prisoner civil rights cases in particular, the Court of Appeals for the Sixth Circuit has held that "there is no right to counsel. . . . The appointment of counsel in a civil proceeding is justified only by exceptional circumstances." *Bennett v. Smith,* 110 F. App'x 633, 635 (6th Cir. 2004) (internal

2

and external citations omitted).[1] Accordingly, although the Court has the statutory authority to request counsel for *pro se* plaintiffs in civil cases under 28 U.S.C. § 1915(e)(1), the exercise of this authority is limited to exceptional situations.

In evaluating a matter for "exceptional circumstances," a court should consider: (1) the probable merit of the claims, (2) the nature of the case, (3) the complexity of the legal and factual issues raised, and (4) the ability of the litigant to represent him or herself. *Lince v. Youngert*, 136 F. App'x 779, 782 (6th Cir. 2005); *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993); *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985). The Court has considered these factors here and denies the motion.

**C. Analysis**

    **1. Probable merit of Plaintiff's claims**

At this stage in the litigation, it is too early for the Court to judge the merits of Plaintiff's claims against Defendants. Due to the limited number of *pro bono* counsel who are willing and available and the large number of prisoners who would like the help of volunteer attorney services, the Court generally waits to seek *pro bono* counsel until the case survives all dispositive motion practice. While Plaintiff asserts efforts to secure counsel, during a video conference with

---

[1] As noted above, although some of the case law colloquially discusses the Court's "appointment" of counsel in prisoner rights cases, under 28 U.S.C. § 1915(e)(1) the Court may only request that an attorney represent an indigent plaintiff.

3

Honorable Magistrate Judge Anthony P. Patti, Plaintiff was informed that consideration for appointment of counsel would only occur if Plaintiff prevailed in summary judgment.  The Court entered a text-only order on November 27, 2023, which directs any dispositive motions filed by Defendant Farris based on Fed. R. Civ. P. 12, qualified immunity and/or failure to exhaust administrative remedies shall be filed on or before January 26, 2024. However, the Court has yet to enter a case management scheduling order setting other dispositive motion deadlines, such as deadlines for motions raising the defense of qualified immunity, seeking dismissal under Fed. R. Civ. P. 12, or seeking exhaustion or non-exhaustion based summary judgment under Fed. R. Civ. P. 56.  Therefore, it is too early to know if this case is going to trial on the merits.  If this case should proceed to trial, the Court can revisit whether to recruit counsel, and it generally does so at that juncture.

    2.    **Nature of the case and complexity of the issues**

Plaintiff's legal claims are based on Eighth Amendment deliberate indifference to his serious medical needs, which he was denied ADA accommodations following a hip replacement surgery on July 16, 2022, at Henry Ford Hospital in Jackson County, Michigan. (ECF No. 1, PageID.12 ¶¶ 1-7.)  It is undoubtedly true that counsel would be helpful, but this is not unusual or exceptional for non-lawyer prisoners or other *pro se* litigants.  The issues presented

4

in this case are not overly complex, extraordinary, or unusual, as claims of 42 U.S.C. § 1983 and Eighth Amendment violations are common in prisoner or arrestee civil rights litigation. *See Johnson v. Gentry*, No. 2:17-cv-01671-APG-EJY, 2021 U.S. Dist. LEXIS 126207, *4 (D. Nev. July 7, 2021) (determining that the plaintiff's Eighth Amendment excessive force claims, Eighth Amendment deliberate indifference to medical needs and Eighth Amendment conditions of confinement claims were not complex). Therefore, this case does not present an "exceptional circumstance" which would warrant this Court's recruitment counsel at this time.

3. **Indigency and ability of Plaintiff to represent himself**

Plaintiff states several reasons in support of his motion for appointment of counsel. He contends that he unable to afford legal counsel. In addition, his imprisonment greatly restricts his capacity to litigate effectively. He further contends that he has limited access to law library, as well as limited understanding of legal matters due to his education level, which extends only to the eighth grade. Moreover, the plaintiff anticipates that the trial in this case will involve conflicting testimony which will require the necessity of appointment of counsel to aid in presenting evidence and conducting cross-examinations.

Nonetheless, in addition to the instant motion (ECF Nos. 76, 90), the Court has reviewed Plaintiff's other filings, including: (a) his complaint (ECF No. 1); (b)

5

his application to proceed without prepaying fees or costs (ECF No. 3), which the Court granted (ECF No. 5); (c) his motion for the Court to order Macomb Correctional Facility to reveal the full names of all Defendants (ECF No. 16), which the Court denied (ECF No. 23); (d) his first motion for appointment of counsel (ECF No. 21), which the Court denied (ECF No. 32); (e) his motion to dismiss Defendant's motion (ECF No. 22), which has since been stricken as unauthorized (ECF No. 34); (f) his motion to direct Macomb County Correctional Facility to produce full names of all 1-7 John Does (ECF No. 27), which the Court granted in part and denied in part (ECF No. 41); (g) his response to Defendant's dispositive motion (ECF No. 31), which has since been stricken as unauthorized (ECF No. 34); (h) his second motion for appointment of counsel (ECF No. 35), which the Court denied (ECF No. 37); (i) his motion for order; (j) his response to Defendant's motion for summary judgment on the basis of exhaustion and certificate of service (ECF Nos. 52, 54); (k) his motion to order Assistant Attorney General to reveal names of the last two John Doe officers (ECF No. 60), which the Court deemed moot (ECF No. 67); (l) his motion to revise the docket caption and issue summons (ECF No. 62), which the Court deemed moot (ECF No. 67); (m) his motion to substitute John Does 6 and 7 with Officers Cameron Tate and Bradley Michalowicz (ECF No. 63), which the court granted (ECF No. 67); (n) his sur-reply to Defendant's motion for summary judgment based solely on Plaintiff's

6

failure to exhaust his administrative remedies (ECF No. 70), which has since been stricken per order dated 2/13/2024; (o) his motion to restrict dates of subpoena (ECF No. 77), which the Court granted (ECF No. 81); and, (p) his response to motion for reconsideration (ECF No. 88). The Court finds that Plaintiff has already illustrated his ability to properly communicate with the Court within the instant action, even in the instant motion. Thus, Plaintiff does not seem incapable of understanding legal proceedings, nor – except for the stricken sur-reply – incapable of adhering to the Court's rules and procedures.

While the Court recognizes the difficulty of pursuing litigation while indigent, incarcerated, and limited access to law library, it is not enough to justify the appointment of counsel here. There is no right to counsel in civil cases filed by indigent *pro se* prisoners. *Bennett*, 110 F. App'x at 635 (citing *Glover v. Johnson*, 75 F.3d 264, 268 (6th Cir. 1996)). Many people are unable to afford counsel, although some are able to gain the interest of a contingent fee lawyer or even an attorney who is willing to go forward in the hope that attorney's fees will later be rewarded. In any case, and unfortunately, indigency is widespread among the prison population and is certainly not an "exceptional circumstance." In addition, limited access to a law library applies to many prisoners *pro se* litigants and does not constitute an "exceptional circumstances." *Faultry v. Saechao*, No. 18-CV-1850-KJM-AC-P, 2020 U.S. Dist. LEXIS 89044, 2020 WL 2561596, at *2 (E.D.

7

Cal. May 2020) ("[c]ircumstances common to most prisoners, such as … limited law library access, do not establish exceptional circumstances supporting appointment of counsel"); *see also Garrett v. Searfoss*, No. 3:18-cv-12844, 2018 U.S. Dist. LEXIS 209921, *2-4 (E.D. Mich. Dec. 13, 2018) (denying motion for appointment of counsel by Plaintiff who claimed limited access to a law library.)

**D.     Order**

Accordingly, Plaintiff's April 3, 2024, motion for appointment of counsel (ECF No. 76) is **DENIED WITHOUT PREJUDICE**.  Plaintiff may petition the Court for the recruitment of *pro bono* counsel if this case survives all dispositive motion practice, proceeds to trial, or other exceptional circumstances demonstrate such a need in the future.

**IT IS SO ORDERED.**[2]

Dated: July 22, 2024

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[2] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

8