# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

Timothy Kyle Prince,

                Plaintiff,         Case No. 23-10405

v.                          Judith E. Levy
                              United States District Judge

Kim Farris, *et al.*,

                           Mag. Judge Anthony P. Patti

                Defendants.

_____/

# OPINION AND ORDER OVERRULING OBJECTIONS [122] AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [121] TO DENY THE MDOC DEFENDANTS' MOTION TO DISMISS [116]

On March 31, 2026, Magistrate Judge Anthony P. Patti issued a Report and Recommendation (R&R) (ECF No. 121) recommending that the Court deny the motion to dismiss (ECF No. 116) filed by Defendants Trent Brown, Taylor Droste, Brandon Frangedakis, Ivan Hernandez, Lawrence McKinney, Bradley Michalowicz, Dewayne Perry, Christopher Sheffield, Edward Simmet, and Cameron Tate, who are referred to in this Opinion and Order as the "MDOC Defendants."

The MDOC Defendants seek to dismiss claims that Plaintiff Timothy Kyle Prince asserts against them under 42 U.S.C. § 1983. Plaintiff alleges that the MDOC Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment while he was incarcerated at the Macomb Correctional Facility. (*See* ECF No. 1, PageID.10.) Plaintiff specifically alleges that, after undergoing hip-replacement surgery in July 2022, he was deprived of use of a wheelchair and placed in a non-ADA-compliant cell that required him to climb stairs. (*Id.* at PageID.12–16.) He further alleges that Defendants ignored him when he fell and tore open his surgical wound and delayed providing him appropriate care after his wound became infected. (*Id.* at PageID.17–19.)

In their motion to dismiss, the MDOC Defendants argue that (1) Plaintiff's complaint fails to state a claim against them upon which relief may be granted and (2) they are entitled to qualified immunity with respect to the alleged violation of Plaintiff's civil rights. (*See* ECF No. 116.) The magistrate judge's R&R recommends that the Court deny the MDOC Defendants' motion to dismiss. (*See* ECF No. 121.)

Seven of the MDOC Defendants (Defendants Brown, Droste, Frangedakis, Hernandez, Perry, Sheffield, and Simmet, who are referred

2

to herein as the "Objecting MDOC Defendants") jointly filed three timely objections to the R&R. (*See* ECF No. 122.) Plaintiff did not file a response to the objections.

For the reasons set forth below, the Objecting MDOC Defendants' objections to the R&R (ECF No. 122) are OVERRULED. The Court ADOPTS the R&R (ECF No. 121) except as noted below with respect to Defendants' first objection and DENIES the MDOC Defendants' motion to dismiss (ECF No. 116).

## I.    Background

The factual and procedural background set forth in the R&R is fully adopted as though set forth in this Opinion and Order.

## II.    Legal Standard

A party may object to a magistrate judge's report and recommendation on dispositive motions, and a district judge must resolve proper objections under a de novo standard of review. 28 U.S.C. § 636(b)(1)(B)–(C); Fed. R. Civ. P. 72(b)(1)–(3). "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the

basis for the objection.'" *Pearce v. Chrysler Group LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018). Objections that restate arguments already presented to the magistrate judge are improper, *Coleman-Bey v. Bouchard*, 287 F. App'x 420, 422 (6th Cir. 2008) (citing *Brumley v. Wingard*, 269 F.3d 629, 647 (6th Cir. 2001)), as are those that are vague and dispute the general correctness of the report and recommendation. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Moreover, objections must be clear so that the district court can "discern those issues that are dispositive and contentious." *Id.* (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (explaining that objections must go to "factual and legal" issues "at the heart of the parties' dispute"). In sum, the objections must be clear and specific enough to permit the Court to squarely address them on the merits. *See Pearce*, 893 F.3d at 346.

### III.  Analysis

#### A.    Objection #1: Impermissible "Group Pleading"

In their first objection, the Objecting MDOC Defendants argue that the magistrate judge erred in concluding that the complaint sufficiently

alleges that they were each personally involved in the conduct giving rise to Plaintiff's § 1983 claim. (*See* ECF No. 122, PageID.828–832.) This objection arises from the MDOC Defendants' challenge to the sufficiency of Plaintiff's allegations in Paragraphs 12 and 14 of the complaint. (*See* ECF No. 116, PageID.749–751; ECF No. 122, PageID.828–829.) These paragraphs allege, in relevant part, that (1) Plaintiff informed the Objecting MDOC Defendants that he "required a wheelchair" and "could not possibly walk up and down the stairs safely" (ECF No. 1, PageID.14, ¶ 12); (2) "they made him do it anyway for two days, threatening to place him in segregation if he 'didn't get his ass up the stairs'" (*id.*); and (3) the same Defendants "watch[ed] with deliberate indifference to Plaintiff's pain and suffering" when Plaintiff was "forced to crawl up and down the stairs" (*id.* at PageID.15, ¶ 14).

When addressing the sufficiency of these allegations, the R&R focused on the MDOC Defendants' argument that "[i]t is inconceivable" that Plaintiff "spoke with these seven Defendants at the same time" and "these Defendants acted together in unison over a 48-hour period." (ECF No. 121, PageID.811 (quoting ECF No. 116, PageID.751).) The R&R characterized this argument as "more [of] an expression of *disbelief . . .*

than an illustration that Plaintiff has failed 'to state a claim upon which relief can be granted.'" (*Id.* (quoting Fed. R. Civ. P. 12(b)(6)).) The R&R did not address Defendants' objections to the form of the allegations—namely, their argument that Plaintiff's complaint "is an archetypical example of impermissible group pleading." (ECF No. 116, PageID.749.)

In their first objection to the R&R, the Objecting MDOC Defendants concede that a court cannot grant a motion to dismiss under Rule 12(b)(6) "based upon its disbelief in a complaint's well-pleaded factual allegations." (ECF No. 122, PageID.830.) They maintain that this "premise has no application here" because "[t]he issue is not credibility; it is whether [Plaintiff] has pleaded facts that 'allow the court to draw the reasonable inference' that each individual defendant is liable." (*Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).) The Objecting MDOC Defendants contend that the R&R's determination that Plaintiff states a plausible claim "cannot be reconciled with controlling Sixth Circuit authority requiring individualized factual allegations." (*Id.* at PageID.831.) They argue that the allegations against them "are an archetypical example of impermissible group pleading, lumping Defendants Simmet, Perry, Sheffield, Frangedakis, Brown, Hernandez,

and Droste together, listing each one as participating in every act that [Plaintiff] complains about without assigning individual liability to a single Defendant." (*Id.* at PageID.829.)

Although the Court agrees with the Objecting MDOC Defendants that the R&R overlooks this argument, the Court nevertheless overrules their first objection because Paragraphs 12 and 14 of the complaint do not involve impermissible "group pleading." As Plaintiff's counsel observed in their response to the motion to dismiss, the allegations in these paragraphs "apply to a number of individual Defendants . . . *because they engaged in the same conduct*—ignoring [Plaintiff's] pleas for help and just watching him crawl up and down the stairs . . . ." (ECF No. 119, PageID.779 (emphasis added).) "Put another way, taking [Plaintiff's] allegations as true—as this Court must at this posture—over the course of 48 [hours] [Plaintiff] expressly told *each of the Defendants* that he could not safely walk up and down the stairs and they refused to provide any assistance, contact medical, or take any steps to address his medical needs other than threatening him with a misconduct [citation] if he did not enter his cell." (*Id.* (emphasis added).)

Plaintiff's allegations are meaningfully different from those found insufficient in the cases on which the Objecting MDOC Defendants rely. In *Reilly v. Vadlamudi*, 680 F.3d 617 (6th Cir. 2012) (cited in ECF No. 122, PageID.831), a former prisoner alleged that a prison's medical professionals violated his rights under the Eighth Amendment when they failed to detect that he was suffering from a serious form of bone cancer. *See id.* at 621. Due to the nature of this claim, each individual defendant's potential liability depended in part on the extent to which he or she interacted with the plaintiff and knew about the plaintiff's medical history. *See id.* at 626. The Sixth Circuit invoked the rule against group pleading after observing that the district court "appears to have imputed knowledge of [the plaintiff's] entire set of complaints to" certain defendants even though the plaintiff's "most severe symptoms occurred after his contacts with these defendants." *Id.* Here, in contrast, Plaintiff specifically alleges that he made each of the Objecting MDOC Defendants aware over the course of two days that he required a wheelchair and could not climb stairs safely. This case, therefore, does not raise the same concerns about imputed knowledge that drove the Sixth Circuit's decision in *Reilly*.

Defendants' other two cases are similarly inapplicable. Unlike Plaintiff here, the plaintiffs in those cases failed to allege the extent to which each individual defendant was involved in a series of events giving rise to the plaintiff's claim. *See Courser v. Mich. House of Reps.*, 404 F. Supp. 3d 1125, 1140 (W.D. Mich. 2019), *aff'd*, 831 F. App'x 161 (6th Cir. 2020) (cited in ECF No. 122, PageID.831) (criticizing a complaint that failed to "delineat[e] what each [d]efendant did to violate [the plaintiff's] rights"); *Mhoon v. Metro. Govt. of Nashville & Davidson Cnty., Tenn.*, No. 3:16-CV-01751, at *3 (M.D. Tenn. Oct. 26, 2016) (cited in ECF No. 122, PageID.831–832) (holding that a complaint involved impermissible "group pleading" in that it used the generic term "Defendants" throughout "even where it is clear that not all of [the defendants] could have been involved" in each action that gave rise to the plaintiff's deliberate-indifference claim).

In sum, the R&R did not err in concluding that Paragraphs 12 and 14 of the complaint state a claim for relief against the Defendants identified therein. The first objection to the R&R is therefore overruled.

### B.    Objection #2: Claim Against Defendant Brown

In their second objection, the Objecting MDOC Defendants argue that the magistrate judge erred when analyzing the allegations against Defendant Brown set forth in Paragraphs 15 and 16 of the complaint. (*See* ECF No. 122, PageID.832–834.) In these paragraphs, Plaintiff alleges that Defendant Brown falsified a misconduct report against Plaintiff and thus "deliberately intensif[ied] [his] suffering by placing him in segregation." (ECF No. 1, PageID.15, ¶¶ 15–16.)

The R&R concludes that the MDOC Defendants "do not develop an argument for dismissal of any claims against Brown based on Paragraphs 15 and 16." (ECF No. 121, PageID.813.) Although it is not entirely clear, it appears that the Objecting MDOC Defendants view the R&R as having construed Paragraphs 15 and 16 to allege a different type of constitutional violation than the Eighth Amendment deliberate-indifference claim alleged elsewhere in the complaint. (*See* ECF No. 122, PageID.833–834.) The Court disagrees with this interpretation of the R&R, which concluded only that Defendants had not developed an argument for dismissal based on these specific paragraphs. The Court also notes that Plaintiff included allegations against Defendant Brown in

Paragraphs 12 and 14 of his complaint (*see* ECF No. 1, PageID.14–15, ¶¶ 12, 14), and, thus, Plaintiff's ability to proceed against this Defendant does not turn on whether or not Paragraphs 15 and 16 specifically state a plausible Eighth Amendment claim.

Further, the Court disagrees with the Objecting MDOC Defendants' argument that Paragraphs 15 and 16 "do not plausibly relate to an Eighth Amendment medical-needs claim." (*See id.* at PageID.833.) Plaintiff alleges that Brown's false misconduct citation "deliberately intensif[ied] Plaintiff's suffering" and "forced [him] to remain in a shower cage for three hours in excruciating pain." (ECF No. 1, PageID.15, ¶¶ 15–16.) These allegations "plausibly relate to an Eighth Amendment medical-needs claim." (*See* ECF No. 122, PageID.833.)

In sum, the Court overrules the Objecting MDOC Defendants' second objection to the R&R.

### C.   Objection #3: Claim Against Defendant Sheffield

In their third objection, the Objecting MDOC Defendants argue that the magistrate judge erred when analyzing the allegations regarding Defendant Sheffield set forth in Paragraphs 34 and 35 of the complaint. (*See* ECF No. 122, PageID.834–836.) In these paragraphs,

11

Plaintiff alleges that he showed Defendant Sheffield his wound and Sheffield reported the "growing infection" to others at the prison. (ECF No. 1, PageID.18–19, ¶¶ 34–35.)

The R&R concludes that the MDOC Defendants "do not develop an argument for dismissal of any claims against Sheffield based on Paragraphs 34 and 35." (ECF No. 121, PageID.813–814.) The Objecting MDOC Defendants object to this portion of the R&R on grounds that it "treats these paragraphs as if they state a claim against Defendant Sheffield and evaluates it as a claim MDOC Defendants did not address." (ECF No. 122, PageID.835.) The Court disagrees with this interpretation of the R&R, which concluded only that Defendants had not developed an argument for dismissal based on these specific paragraphs. The Court also notes that Plaintiff included allegations against Defendant Sheffield in Paragraphs 12 and 14 of his complaint (*see* ECF No. 1, PageID.14–15, ¶¶ 12, 14), and, thus, Plaintiff's ability to proceed against this Defendant does not turn on whether or not Paragraphs 34 and 35 specifically state a plausible Eighth Amendment claim against Defendant Sheffield.

In sum, the Court overrules the Objecting MDOC Defendants' third objection to the R&R.

### D.    Unobjected to Portions of the R&R

Three of the MDOC Defendants (McKinney, Michalowicz, and Tate) did not file any objections to the R&R. The Court has nevertheless carefully reviewed and agrees with the R&R's conclusion that no arguments in favor of dismissal were developed on behalf of these Defendants. (*See* ECF No. 121, PageID.807–808.) The Court thus adopts the portion of the R&R addressing the claims asserted against Defendants McKinney, Michalowicz, and Tate.

In addition, the Objecting MDOC Defendants do not address the magistrate judge's conclusion that Defendants have not established that they are entitled to dismissal under Rule 12(b)(6) based on qualified immunity. (*See* ECF No. 121, PageID.814–825.) The Court has nevertheless carefully reviewed the portion of the R&R that addresses qualified immunity and agrees with the magistrate judge's recommendation. Accordingly, this portion of the R&R is adopted.

## IV.   Conclusion

For the reasons set forth above, the Court OVERRULES the Objecting MDOC Defendants' objections to the R&R (ECF No. 122), ADOPTS the R&R (ECF No. 121) except as addressed above with respect

13

to the Objecting MDOC Defendants' first objection, and DENIES the MDOC Defendants' motion to dismiss (ECF No. 116).

IT IS SO ORDERED.

Dated: July 1, 2026          s/ Judith E. Levy
Ann Arbor, Michigan          JUDITH E. LEVY
                             United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 1, 2026.

s/ Richard Thieme
RICHARD THIEME
Case Manager

14